SO ORDERED.

SIGNED this 19th day of October, 2017.



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

___

For online use, but not print publication
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>**LEROY A. TRUSTY and**<br>**MARYANN C. TRUSTY,**<br><br>   DEBTORS. | CASE NO. 15-12249<br>CHAPTER 7 |
| **LINDA S. PARKS,**<br>Chapter 7 Trustee,<br><br>   PLAINTIFF,<br><br>v.<br><br>**LEROY A. TRUSTY and**<br>**MARYANN C. TRUSTY,**<br><br>   DEFENDANTS. | ADV. NO. 16-05174 |

### MEMORANDUM OPINION AND JUDGMENT GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

In this adversary proceeding, the Chapter 7 Trustee (Trustee), Linda S. Parks, seeks a judgment against the Debtors, Leroy and Maryann Trusty, to deliver to the Trustee copies of certain bank statements and tax returns, as previously ordered by the Court when granting the Trustee's motion to compel, for payment of $200 to reimburse the Trustee for costs incurred in connection with the Trustee's motion to compel, and denying the Debtors discharge.[1]  Debtors, through counsel, Mark J. Lazzo, answered the Compliant, denying that the documents had not been provided to the Trustee.  On April 19, 2017, the Trustee filed a motion for summary judgment.  Debtors have not responded to the motion for summary judgment.

**SUMMARY JUDGMENT PROCEDURE**

Under Federal Rule of Civil Procedure 56, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, summary judgment shall be granted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  "A party asserting that a fact cannot

---

[1] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2016).  Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (J).  There is no objection to venue or jurisdiction over the parties.

[2] Fed. R. Civ. P. 56(a).

be . . . genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including . . . affidavits . . . (including those made for purposes of the motion only)."[3]

In this case, the Trustee's motion for summary judgment is supported by her affidavit stating the material facts, including the facts that she has not received the documents and the $200 which the Court previously directed Debtors to deliver. Debtors filed nothing to controvert the statements of fact in the Trustee's affidavit. Under these circumstances, Rule 56 allows the Court to consider the facts stated in the Trustee's affidavit as uncontroverted. "If a party . . . fails to properly address another party's assertion of a fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."[4] The local rules of this district provide: "All material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party." [5]

The only suggestion in the record that Debtors controvert the Trustee's statements in her affidavit is their denial in their answer of the allegation that they have not provided the documents and the $200. But this is insufficient to create a disputed fact. When the moving party provides affidavits appearing to meet his burden of establishing the absence

---

[3] Fed. R. Civ. P. 56(c)(1).

[4] Fed. R. Civ. P. 56(e)(2).

[5] D. Kan. Rule 56.1(a).

3

Case 16-05174   Doc# 20   Filed 10/19/17   Page 3 of 7

of any genuine issue of material fact, "the adverse party may not rest upon the mere allegations in his pleadings. Rather he must submit affidavits or other evidence setting forth specific facts showing that there is a genuine issue for trial."[6]

**UNCONTROVERTED FACTS**

In accord with the foregoing principles and based upon the record, the Trustee's affidavit, and Debtors' failure to respond to the motion for summary judgment, the Court finds the following facts uncontroverted. Debtors filed a petition for relief under Chapter 7 on October 15, 2015. Linda S. Parks is the duly appointed and acting Chapter 7 Trustee. The Trustee requested from Debtors copies of bank statements for the 90 days prior to the filing of the petition and copies of their 2014 and 2015 state and federal tax returns (the Documents). The Trustee did not receive the Documents, and on July 19, 2016, she filed a motion to compel.[7] Debtors did not respond, and on August 30, 2016, an order granting the motion was entered (the Order).[8] The Debtors were ordered "to deliver to the trustee copies of debtors' bank statements 90 days prior to and including the date of filing, 2014 and 2015 income tax returns, together with the sum of $200 for trustee's costs."[9] The Trustee sent a copy of the Order to the attorney for the Debtors and again asked for the Documents.

---

[6] *Vreeken v. Davis*, 718 F.2d 343, 347 (10th Cir. 1983).

[7] Case 15-12249, doc. 32.

[8] *Id.*, doc. 34.

[9] *Id.*

4

The Trustee still did not receive the Documents. On November 14, 2016, she filed the Complaint against the Debtors. It alleges that the Court entered the Order, that Debtors have failed to deliver the Documents and pay the $200, thereby disobeying a lawful order of this Court. It requests that judgment be entered directing the delivery of the Documents and the $200 in costs incurred by the Trustee, and denying Debtors a discharge. Debtors answered through their counsel admitting that the Order had been entered, denying that they failed to provide the Documents and pay the $200, and denying that judgment should be entered as requested by the Trustee.[10]

On April 19, 2017, the Trustee filed her motion for summary judgment. It is supported by her affidavit, stating under oath, that she has not received the Documents and the $200. The Debtors did not respond.

**ANALYSIS**

The Court finds that the Trustee is entitled to judgment as a matter of law. The Trustee appointed in this case has a duty to investigate the financial affairs of the Debtors,[11] and the Debtors have a duty to cooperate with the Trustee.[12] When Debtors did not cooperate, the Trustee filed a motion to compel,[13] which was granted.[14] Debtors have

---

[10] Doc. 8.

[11] 11 U.S.C. § 704(a)(4).

[12] 11 U.S.C. § 521(a)(3) & (4).

[13] Case 15-12249, doc. 32.

[14] *Id.*, doc. 34.

neither provided the Documents nor paid the $200 as ordered. Under these facts, the Trustee is entitled to a judgment against the Debtors enforcing the terms of the Order.

Further, as a matter of law, the Trustee is entitled to judgment denying the Debtors' discharge. Under § 727(a)(6)(A), "The court shall grant the debtor a discharge unless . . . the debtor has refused in the case to obey any lawful order of the court, other than an order to respond to a material question or to testify." The uncontroverted facts establish that Debtors have failed to comply with the Order. Failure to obey the Order is grounds for the Court to withhold discharge.

**CONCLUSION**

For the foregoing reasons, the Trustee's motion for summary judgment is granted. Judgment is hereby entered against Debtors Leroy A. Trusty and Maryann C. Trusty: (1) To deliver to the Trustee copies of Debtors' bank statements for the 90 days prior to and including the date of filing and their 2014 and 2105 state and federal income tax returns, together with the sum of $200 to reimburse the Trustee for costs in connection with the Trustee's motion to compel, as ordered in the Order entered as document 34 in Case no. 15-12249; and (2) denying the discharge of the Debtors.

Pursuant to Federal Rule of Bankruptcy Procedure 7052, which makes Federal Rule of Civil Procedure 52 apply to this proceeding, the Court has announced its Findings of Fact and Conclusions of Law. Based upon the foregoing, including those Findings and Conclusions, and in accordance with Bankruptcy Rule 7058 and Civil Rule 58(a), judgment is hereby entered against Debtors Leroy A. Trusty and Maryann C. Trusty to

comply with the Order entered as document 34 in Case no. 15-12249 and denying the discharge of the Debtors.

**IT IS SO ORDERED.**

###

7

Case 16-05174   Doc# 20   Filed 10/19/17   Page 7 of 7